UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
LISA ANN WALTON,

                        Plaintiff,                          **MEMORANDUM & ORDER**
                                                                             18-CV-1762 (MKB)
                        v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-----------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

      Plaintiff Lisa Ann Walton, proceeding *pro se*, filed the above-captioned action on March 20, 2018, pursuant to 42 U.S.C. § 405(g) seeking review of a denial of disability insurance benefits ("DIB"). (Compl., Docket Entry No. 1.) The Commissioner of Social Security (the "Commissioner") moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Comm'r Mot. to Dismiss ("Comm'r Mot."), Docket Entry No. 11; Comm'r Mem. of Law in Supp. of Comm'r Mot. ("Comm'r Mem."), Docket Entry No. 12.) On June 17, 2019, Plaintiff sent a letter and filed an affidavit in opposition to the motion to dismiss. (Letter dated June 17, 2019, Docket Entry No. 21; Pl. Aff. dated June 17, 2019, Docket Entry No. 22.) As further explained below, because Plaintiff did not timely commence this action, the Court grants the Commissioner's motion.[1]

---

[1] On March 7, 2019, Plaintiff called the *Pro Se* Office for the Eastern District of New York to check on the status of her case. A representative from the *Pro Se* Office advised Plaintiff to submit any opposition papers as soon as possible, confirmed Plaintiff's mailing address, and sent Plaintiff a copy of the Commissioner's motion to dismiss and the memorandum of law in support of Commissioner's motion. On March 14, 2019, Plaintiff visited the *Pro Se* Office and the office again provided Plaintiff with courtesy copies of the Commissioner's moving papers. The *pro se* office also advised Plaintiff to write a letter to the Court advising the

## I. Background

Plaintiff alleges that, beginning in March of 2012, she began to struggle with arthritis, leg, knee, and lower back pain. (Compl. ¶ 4.) She also experienced weakness on the right side of her body as the result of a stroke. (*Id*.) As a result, Plaintiff applied for DIB, which the Social Security Administration denied. (*Id*. ¶ 6.) Plaintiff subsequently requested a hearing before an administrative law judge, and a hearing was held on June 17, 2014. (*Id*. ¶ 7.) On December 14, 2015, an administrative law judge denied Plaintiff's claim. (*Id*.) On May 26, 2017, the Appeals Council denied Plaintiff's request for review making the Commissioner's decision final (the "Notice of Denial").[2] (*Id*. ¶ 8; Notice of Denial, annexed to Compl., Docket Entry No. 1.) Plaintiff alleges that she received the Notice of Denial on July 6, 2017. (*Id.*) The Notice of Denial indicated that Plaintiff had sixty days to file a civil action and that the sixty days began the day after she received the Notice of Denial. (Notice of Denial 2.) Plaintiff commenced this action on March 20, 2018. (Compl.)

---

Court of the issues she was having with respect to receiving mail at her current location. By Order dated June 10, 2019, the Court ordered Plaintiff to respond to the Commissioner's motion. (Order dated June 10, 2019.) The *Pro Se* office called Plaintiff at the telephone number listed on the docket and left a voicemail message advising Plaintiff that her opposition papers were due June 23, 2019. The *Pro Se* office also advised Plaintiff to notify the Court of her current email address. On June 17, 2019, Plaintiff filed a letter with the Court and a document filed as an affidavit in opposition of Defendant's motion to dismiss. (Letter dated June 17, 2019; Pl. Aff. dated June 17, 2019.) In Plaintiff's letter, Plaintiff asks that the Court not dismiss her case and states that "it is very hard for [her] to keep jumping and running back to *pro se*." (Letter dated June 17, 2019.) Similarly, in Plaintiff's affidavit she writes that she has "provided reason to . . . not dismiss," but does not provide any specific reasoning in support of her request. (Pl. Aff. dated June 17, 2019.)

[2] The Commissioner notes that the Appeals Council issued Plaintiff a notice denying her request for review on May 26, 2017, (Comm'r Mem 5), however, upon receiving additional evidence from Plaintiff, the Appeals Council vacated its May 26, 2017 notice and issued Plaintiff a new Notice of Denial on July 6, 2017, (Comm'r Mem 6).

## II. Discussion

### a. Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)); *see also Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 320 (2d Cir. 2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a *pro se* plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

### b. Plaintiff did not timely commence this action

The Commissioner argues that the Complaint should be dismissed because Plaintiff did not timely commence this action and there is no basis to toll the sixty-day limitations period. (Comm'r Mem. 1.)

Claimants seeking federal district court review of a final decision by the Commissioner must file a civil action within sixty days of receiving notice of such a decision. 42 U.S.C. § 405(g). This requirement "is not jurisdictional, but rather constitutes a period of limitations," which "is a condition on the waiver of sovereign immunity" that "must be strictly construed." *Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 483 (W.D.N.Y. 2015) (quoting *Bowen v. City of New York*, 476 U.S. 467, 478–79 (1986)). The notice is presumed to have been received within five days of its mailing unless a plaintiff can show otherwise.[3] 20 C.F.R. §§ 416.1401, 422.210(c); *see also Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984) (same); *Kesoglides v. Comm'r of Soc. Sec.*, No. 13-CV-4724, 2015 WL 1439862, at *4 (E.D.N.Y. Mar. 27, 2015) (same) (citing *Matsibekker*, 738 F.2d at 81).

Because the Notice of Denial is dated July 6, 2017, Plaintiff is presumed to have received the Notice of Denial within five days of its mailing, on or before July 11. 2017.[4] *See* 20 C.F.R

---

[3] By letter dated March 14, 2019, Plaintiff advised the Court that she could not receive mail where she was living and that she would obtain a post office address. (Letter dated Mar. 14, 2019, Docket Entry No. 15.) Plaintiff does not indicate in her letter that she did not receive the Notice of Denial that was mailed to her on July 6, 2017, (*id*.), and as indicated above, Plaintiff alleges in the Complaint that she received the Notice of Denial on July 6, 2017, (Compl. ¶ 7). Subsequently, in a letter dated June 25, 2019, Plaintiff provided her email address and also indicated that she has "been receiving mail . . . [b]ut still . . . will call or write to check on how [the] case is doing." (Letter dated June 25, 2019, Docket Entry No. 23.)

[4] Although Plaintiff alleges that she received the Notice of Denial on July 6, 2017. (Compl. ¶ 7), because the Notice of Denial is dated July 6, 2017, the Court assumes, as discussed above, that Plaintiff received the Notice of Denial five days later on July 11, 2017.

§§ 404.901, 416.1401 ("[T]he date you receive notices means [five] days after the date on the notice, unless you show us you did not receive it within the [five]-day period."). Under the applicable sixty-day statute of limitations, Plaintiff was required to commence this action on or before September 11, 2017 in order for her action to be timely. *See* 42 U.S.C. § 405(g).

Because Plaintiff commenced this action on March 20, 2018, more than sixth months after the deadline, the Complaint is untimely. (*See* Compl.)

Accordingly, Plaintiff failed to timely commence this action.

### c. Plaintiff has not presented a basis to toll the sixty-day limitations period

In light of Plaintiff's *pro se* status, the Court also considers whether the sixty-day deadline should be tolled under the doctrine of equitable tolling despite Plaintiff's failure to raise the issue or oppose the Commissioner's motion.

"[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The plaintiff must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). Circumstances that justify equitable tolling include where the plaintiff "(i) was unaware that there had been a violation giving rise to a claim, (ii) rebutted the presumption that notice of the Appeals Council denial was received within five days, (iii) received conflicting information about the filing deadline, or (iv) was unable to comprehend the appeal process because of an impediment." *Cole-Hill*, 110 F. Supp. 3d at 485 (quoting *Sindrewicz v. Chater*, No. 96-CV-139, 1997 WL 166564, at *2

(W.D.N.Y. Jan. 30, 1997) (collecting cases)). The plaintiff bears the burden of demonstrating that equitable tolling is justified. *See Guobadia v. Irowa*, 103 F. Supp. 3d 325, 341 (E.D.N.Y. 2015) (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).

Plaintiff has not alleged any facts that would warrant tolling the sixty-day limitations period. (*See generally* Compl.) Plaintiff does not allege that she sought additional time from the Appeals Council within which to file her Complaint. Nor does the Complaint contain any allegations that support an inference that Plaintiff was pursuing her rights diligently or that extraordinary circumstances prevented her from filing within the limitations period. In addition, while Plaintiff submitted a letter filed as an affidavit in opposition to the Commissioner's motion, Plaintiff did not file an opposition to the Commissioner's motion, despite being given two opportunities to do so. Plaintiff has therefore failed to demonstrate that she is entitled to equitable tolling. *See Kamara v. Comm'r of Soc. Sec.*, No. 18-CV-3672, 2019 WL 2300632, at *3 (E.D.N.Y. May 30, 2019) (finding that there was no basis to toll the limitations period where the plaintiff did not make any showing of extraordinary circumstances or that she "asked the Appeals Council for an extension of time to file within the requisite 60-day period or attempted to file her complaint within the 60-day period"); *Courtney v. Colvin*, No. 13-CV-02884, 2014 WL 129051, at *2–3 (S.D.N.Y. Jan. 14, 2014) (finding the plaintiff's allegations that he was ill, that his identity was stolen, and that he changed his address insufficient to provide a basis for equitable tolling); *Pressley v. Astrue*, No. 12-CV-8461, 2013 WL 3974094, at *2–3 (S.D.N.Y. Aug. 2, 2013) (dismissing the plaintiff's complaint where it was filed five days late and the plaintiff did not oppose the government's motion to dismiss).

Accordingly, the Court finds that this action is untimely and that there is no basis to toll the sixty-day limitations period under the doctrine of equitable tolling.

### III. Conclusion

For the foregoing reasons, the Court grants the Commissioner's motion to dismiss the Complaint. The Clerk of Court is directed to close this case.

Dated: August 21, 2019
      Brooklyn, New York

                                    SO ORDERED:

                                    <u>   s/ MKB          </u>
                                    MARGO K. BRODIE
                                    United States District Judge